B18W (Form 18W) (08/07)

# United States Bankruptcy Court

Northern District of Illinois
Case No. 12–04648
**Chapter 13**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

   Hai Le Molinaro
   fka Hai Kim Le
   396 Sandhurst Circle
   Unit 1
   Glen Ellyn, IL 60137

Social Security / Individual Taxpayer ID No.:
   xxx–xx–8810

Employer Tax ID / Other nos.:

## DISCRIPTION... 

## DISCHARGE OF DEBTOR AFTER COMPLETION
## OF CHAPTER 13 PLAN

   It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

   If the trustee has filed and served a notice pursuant to Section B2 (b) of the debtor's plan, and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.

                                                    FOR THE COURT

Dated: <u>November 27, 2012</u>                     <u>Kenneth S. Gardner, Clerk</u>
                                                    United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for most taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                 Case No. 12-04648-DRC
Hai Le Molinaro                                                        Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0752-1           User: rgreen           Page 1 of 2           Date Rcvd: Nov 27, 2012
                               Form ID: b18w          Total Noticed: 5

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 29, 2012.
db           +Hai Le Molinaro,    396 Sandhurst Circle,    Unit 1,    Glen Ellyn, IL 60137-7502
18463507     +Bank Of America, N.A.,    c/o Andrew J. Nelson,    1 North Dearborn, Suite 1300,
               Chicago, Ilinois  60602-4321
18463508     +Butterfield Manor Condo Association,    Po Box 1215,    Barrington, IL 60011-1215
18463509      Wells Fargo,   Credit Bureau Disp Po Box 14517,    Des Moines, IA 50306

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
18497936     +EDI: WFFC.COM Nov 28 2012 02:03:00      Wells Fargo Card Services,   1 Home Campus,   3rd Floor,
               Des Moines, IA 50328-0001
                                                                                             TOTAL: 1

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 29, 2012**                    **Signature:**   _Joseph Speetjens_

```
District/off: 0752-1          User: rgreen              Page 2 of 2            Date Rcvd: Nov 27, 2012
                              Form ID: b18w             Total Noticed: 5
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 27, 2012 at the address(es) listed below:

        Andrew J Nelson   on behalf of Creditor   BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME
         LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP anelson@atty-pierce.com,
         northerndistrict@atty-pierce.com
        Christopher M Brown   on behalf of Creditor   Bank of America, N.A.
         northerndistrict@atty-pierce.com,   cbrown@atty-pierce.com
        Glenn B Stearns   mcguckin_m@lisle13.com
        Mohammed O Badwan   on behalf of Debtor Hai Molinaro mbadwan@sulaimanlaw.com,
         mbadwan@sulaimanlaw.com;courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com
        Patrick S Layng   USTPRegion11.ES.ECF@usdoj.gov

                                                                                                                                                      TOTAL: 5